UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

DEAN RALPH SALERNO,
ARIES LEGACY, LLC, a Delaware
corporation, CHRISTIAN CARLSON,
HUCKLEBERRY GLAM, INC., an Arizona
corporation, ECRE1 LLC, an Arizona
corporation, individually and on behalf of
all others similarly situated,

**Plaintiffs,**

v.

INTEGRATED WEALTH STRATEGIES, LLC.,
a New Jersey Corporation, and JOSEPH C.
MANIACI, JR., individually,

**Defendants**

Case No: 1:25-cv-02118-VMC

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE TWO MOTIONS AND TO FILE EXCESS PAGES**

Plaintiffs oppose Defendants' Motion for Leave to File Two Motions to Dismiss and Motion for Leave to File Excess Pages as follows:

**A. Defendants' Motion to File Two Separate Motions to Dismiss, totaling 65 pages in length, should not be granted as there is no good cause to do so.**

Absent prior leave of Court, briefs in support of or in opposition to a motion are limited to twenty-five (25) pages. L. Civ. R. 7.1(d). Defendants now seek to circumvent this clear limitation by requesting leave to file a total of 65 pages of briefing in support of dismissal—splitting their arguments across two separate

1

motions and inflating one brief by an additional 60% beyond the permitted limit. Although Plaintiffs' counsel agreed via email not to oppose Defendants' request exceed the 25 page limit in one motion to dismiss by ten pages for a total of 35 pages—provided reciprocity for a 35 page response—Plaintiffs see no justification for allowing Defendants to file two separate briefs totaling 65 pages in support of dismissal, and requiring 2 briefs rather than 1.  Allowing Defendants two motions to dismiss effectively allows Defendants to circumvent the page limit by 40 pages (65 pages minus the 25 page normal limit) and 65 pages is more than double the (un-extended) permissible 25 page limit for a single brief. Page limitations are imposed for a reason – to promote efficiency and the best use of the Court's time and resources.  *See Kitchen v. Ameriquest Mortgage Co.*, No. 1:04-CV-2750-BBM, 2005 U.S. Dist. LEXIS 43937, at *29-30 (N.D. Ga. Apr. 29, 2005)("Motions for leave to exceed page limits are not granted in this court as a matter of right."). While Defendants claim there is good cause to file two separate motions, they fail to provide a compelling justification why their arguments cannot be effectively and efficiently be presented in a single (extended) 35 page Motion to Dismiss[1].

---

[1] Plaintiffs do not oppose Defendants' request for a 10 page extension the grant for leave to file 35 pages as long as such is reciprocal – applying also to Plaintiffs' response in opposition.

**B. Defendants' first proposed Motion to Dismiss or Stay is based upon the erroneous notion that Plaintiffs' Complaint was filed in violation of the Receivership Order entered in SEC v. Drive Planning (a non-party to this action).**

Whether the Receivership Order has bearing on investor actions against these Defendants (and the Plaintiff investors' position is the case law is compelling that it does not), it was still necessary to file this action to preserve their statute of limitations.  In 2018, the Supreme Court held there is no tolling of the Statute of Limitations for otherwise time-barred successive class claims.  *China Agritech, Inc. v. Resh,* 584 U.S. 811, 138 S. Ct. 1800 (2018).  Pursuant to section 12(a)(1) of the Securities Act, this action needed to be brought within one year after the discovery of the untrue statements of omissions made by Defendants in connection with the sales of the promissory notes at issue. 15 U.S.C. § 77m.  As such, had Plaintiffs not filed this action when they did and instead filed it today or any day in the future, they would have been subject to a motion to dismiss based on statute of limitations.

Further, Defendants' intended contention to argue that Plaintiffs violated the "Receivership Order" in a separate 25 to 35 page memorandum is not consistent with the fairly straightforward facts and case law.  On August 13, 2024, the United States District Court for the Northern District of Georgia granted the SEC's Motions to Appoint a Receiver and for Preliminary Injunctive and other Equitable

Relief against Drive Planning and Burkhalter (the originators of the Ponzi scheme upon which this action is based). The Court found that:

> The Commission has made a sufficient showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)], by evidence establishing a prima facie case that the Defendants, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. §17q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

*See SEC v. Drive Planning, LLC and Russell Todd Burkhalter,* Doc. 11 at 2, No. 1:24-cv-03583-VMC (N.D. GA, August 13, 2024).

Defendants fail to acknowledge, and recognize, that the investors have standing to bring their own claims against Defendants herein and have not violated the injunction set forth in the Receivership Order.  A receivership is established to protect the rights of creditors; however, the receiver does not serve as a class representative for those creditors and lacks authority to pursue claims that are owned directly by the creditors themselves. *See Isaiah v. JPMorgan Chase Bank, N.A.,* 960 F.3d 1296, 1301–02 (11th Cir. 2020).  Any claims for aiding and abetting the Ponzi scheme do not belong to the Receivership Entities; rather, they belong solely to the defrauded investors –  the Plaintiffs in this action. *See Id., citing Freeman v. Dean Witter Reynolds, Inc*., 865 So. 2d 543, 550 (Fla. Dist. Ct. App. 2003).

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court deny Defendants' Motion for Leave to File Two Motions to Dismiss and their Motion for Leave to Exceed the Page Limit for the second motion. Plaintiffs further request that the Court instead grant Defendants leave to file a single Motion to Dismiss, with permission to exceed the page limit by ten (10) pages.

Dated: July 31, 2025

Respectfully Submitted,

/s/Ross M. Good
Ross M. Good, Esq.
The Good Law Group
800 E. Northwest Hwy, Ste 814
Palatine, IL 60074
Ph: (847) 577-4476; Fax: (800) 709-1179
(IL Bar No. 6312917;
FL Bar No. 0116405)
Ross@thegoodlawgroup.com

Shawn M. Good Esq.
(IL Bar No. 632932)
The Good Law Group
800 E. Northwest Hwy, Ste 814
Palatine, IL 60074
Ph: (847) 577-4476; Fax: (800) 709-1179
Shawn@thegoodlawgroup.com

Jeffrey Sonn, Esq.
Sonn Law Group PA
19495 Biscayne Blvd Suite 607
Aventura, Fl 33180
Tel 305-912-3000; Fax 786-485-1501
FL Bar No. 773514

Jsonn@Sonnlaw.com

Brian B. Pastor, Esq.
Sonn Law Group
PA 3455 Peachtree Rd NE, Ste. 500
Atlanta, GA 30326
Tel: 305-912-3000 Ext. 538; Fax: 404-607-7121
GA Bar No. 565860
bpastor@sonnlaw.com

## **CERTIFICATION**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

/s/ Ross M. Good
Ross M. Good, Esq.

## **CERTIFICATE OF SERVICE**

I, Ross Good, certify that on this 31st Day of July, 2025, I caused **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE TWO MOTIONS AND TO FILE EXCESS PAGES** be served upon all parties by filing such by and through ECF.

/s/ Ross Good
Ross M. Good, Esq.