# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

                                         Civil Action No. 1:24-cv-03583-VMC

DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,

    Defendants,
and

JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,

    Relief Defendants.
_____/

## RECEIVER'S THIRD STATUS REPORT

Kenneth D. Murena, the court-appointed Receiver (the "Receiver") in the above-captioned enforcement action, submits his third status report setting forth his activities and efforts to fulfill his duties under the Order Appointing Receiver [ECF No. 10] (the "Appointment Order") for the period from January 1, 2025 to March 31, 2025 (the "Reporting Period").

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................4

II.   COMPLAINT, ENTRY OF PRELIMINARY INJUNCTION, AND
      APPOINTMENT OF RECEIVER ........................................................................7

      A.    Preliminary Injunction and Appointment Receiver ..............................7

III.  THE RECEIVER'S EFFORTS TO FULFILL HIS DUTIES UNDER
      THE APPOINTMENT ORDER ............................................................................8

      A.    Receiver's Employment of Professional. ................................................8

      B.    Securing and Reviewing Books and Records of Drive Planning ........ 9

            1. Subpoenas ................................................................................10
            2. Demand Letters to Agents and Third-Parties .............................11
            3. Investigation of CORE Tax Lien Investments............................13

      C.    Forensic Reconstruction of Accounts of Drive Planning ..................14

      D.    Real Property, Businesses, and Personal Property in Which
            Receivership Estate Has an Interest .....................................................15

            1.    Real Properties and Businesses in Georgia.............................15

                  i.    *The Burkhalter Ranch*......................................................16
                  ii.   *Staurolite Barn*................................................................17
                  iii.  *TBR Supply House* ..........................................................18
                  iv.   *TBR Outdoor Supply, LLC*...............................................18

            2.    Real Properties and Businesses in Florida...............................20

                  i.    *Rental Properties* ............................................................21
                  ii.   *Club 201 at the Detroit*...................................................21

            3.    Real Property in Indiana ............................................................22

            4.    Real Property in Mexico .............................................................23

      5. Real Property in Medellin, Colombia ..........................................24

      6. Real Property Owned or Occupied by Third-Parties ................25
            i. *Stephanie DiMaria Property* ..............................................25
           ii. *Mark Haye Property* .......................................................26
          iii. *Gerardo Linarducci Property* ...........................................26
          iv. *Julie Ann Edwards Property* ............................................27

      7. Deeds of Trust for Property in Tennessee ................................28

      8. Transfers to Embry Development Company for Real Estate Projects ......................................................................................30

      9. Recovery of Real Estate and Other Assets from Former Drive Planning Agent David Bradford ..................................................30

     10. Personal Property .....................................................................31
            i. *Vehicles and Luxury Furniture* ........................................31
           ii. *"Live More" Yacht* .........................................................33
          iii. *Ownership and Leasehold Interests in Private Jets* .......34

  E. Recovery of Transfers to Tampa Bay Rays for Marketing ....................35

  F. Lawsuits Filed Against Drive Planning ...................................................36

  G. Known Investors and Creditors ..............................................................38

  H. Investor Communications .......................................................................38

  I. Identifying and Pursuing Liquidated and Unliquidated Claims .............40

IV. CASH ON HAND AND ACCRUED EXPENSES OF ESTATE ................41

V. CONCLUSION ...........................................................................................42

transaction records to determine whether any of these parties received funds that are traceable to the fraudulent scheme or that may be recoverable by the Receivership Estate.

Additionally, the Receiver issued subpoenas to several luxury jewelry stores, including 18K LLC, Guven Brothers Jewelers, Bernie's and Son Jewelers, Diamonds Direct, and Sabri Guven Fine Jewelry, seeking documents and communications related to the purchase of high-value jewelry and watches by Drive Planning using funds from bank accounts holding investor funds, discovered based on the Receiver's review of Drive Planning's records.  The subpoenas request, among other things, invoices, receipts, appraisals, purchase orders, payment confirmations, and all communications between the jewelry stores and any representatives of Drive Planning.  Certain jewelry stores produced responsive documents and information, which assisted the Receiver in his investigation.  During the next reporting period, the Receiver will continue to investigate and locate the jewelry purchased by Drive Planning and recover and seek to liquidate them for the benefit of the Receivership Estate.

**2. Demand Letters to Agents and Third-Parties**

Based on the Receiver's forensic analysis and reconstruction of Drive Planning's financial records, the Receiver issued demand letters to numerous former agents and advisors of Drive Planning who received commissions funded by investor

11

monies in return for procuring investments in Drive Planning's fraudulent scheme. The letters demanded the return of commissions to the Receivership Estate and detailed the Receiver's legal claims under the applicable fraudulent transfer statutes, as well as unjust enrichment.

During the Reporting Period, the Receiver issued demand letters to all agents and advisors who received $500,000 or more in commissions from Drive Planning. After the reporting period, the Receiver issued demand letters to agents/brokers who received between $150,000 and $500,000 in commissions and expects to complete the issuance of demands against the remaining agents/brokers in the next reporting period.

In addition to former agents, the Receiver sent demand letters to other individuals who were not formally affiliated with Drive Planning but who maintained close personal or business relationships with Defendant Burkhalter and received transfers of investor funds without providing any significant consideration to Drive Planning.

The Receiver intends to initiate lawsuits against any individual or entity that fails to respond to or comply with the demand letters, after consulting with the SEC and obtaining approval by the Court. The Receiver will continue to pursue turnover or recovery of assets as appropriate based on the findings from these investigations.

## V. CONCLUSION

The Receiver and his professionals appreciate the opportunity to assist the Court in this matter. Until further order of the Court, the Receiver and his professionals will continue their efforts, as discussed herein, to fulfill the Receiver's duties under the Appointment Order in the most cost-effective manner while seeking to maximize the ultimate recovery by the Receivership Estate.

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
| Florida Bar No. 1025060 | Georgia Bar No. 636265 |
| apavon@dvcattorneys.com | Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
| Florida Bar No. 44417 | Telephone: (404) 926-0053 |
| rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN | VALORI | CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |
| Miami, Florida 33131 | |
| Telephone: (305) 371-3960 | |
| Facsimile: (305) 371-3965 | |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on April 30, 2025, I electronically filed the foregoing *Notice* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: April 30, 2025.

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*
