# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

                                                  Civil Action No. 1:24-cv-03583-VMC

**DRIVE PLANNING, LLC, and
RUSSELL TODD BURKHALTER,**

    Defendants,
and

**JACQUELINE BURKHALTER,
THE BURKHALTER RANCH
CORPORATION, DRIVE
PROPERTIES, LLC, DRIVE
GULFPORT PROPERTIES LLC,
and TBR SUPPLY HOUSE, INC.,**

    Relief Defendants.
_____/

## RECEIVER'S FOURTH STATUS REPORT

Kenneth D. Murena, the court-appointed Receiver (the "Receiver") in the above-captioned enforcement action, submits his fourth status report setting forth his activities and efforts to fulfill his duties under the Order Appointing Receiver [ECF No. 10] (the "Appointment Order") for the period from April 1, 2025 to June 30, 2025 (the "Reporting Period").

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................4

II. COMPLAINT, ENTRY OF PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER .................................................................8

    A. Preliminary Injunction and Appointment of Receiver ..............................9

III. THE RECEIVER'S EFFORTS TO FULFILL HIS DUTIES UNDER THE APPOINTMENT ORDER ..........................................................................9

    A. Receiver's Employment of Professionals...................................................9

    B. Securing and Reviewing Books and Records of Drive Planning.............11

        1. Subpoenas................................................................................11

        2. Demand Letters to Agents and Third-Parties.....................................12

    C. Real Property, Businesses, and Personal Property in Which Receivership Estate Has an Interest .........................................................13

        1. Real Properties and Businesses in Georgia, Florida, Mexico, and Indiana .................................................................................14

            i. The Burkhalter Ranch................................................................16
            ii. Staurolite Barn .........................................................................17
            iii. TBR Outdoors Supply, LLC......................................................17
            iv. Club 201 at the Detroit..............................................................18

        2. Real Property in Medellin, Colombia ..................................................19

        3. Real Property Owned or Occupied by Third-Parties ..........................20

        4. Deeds of Trust for Property in Tennessee...........................................22

    5. Transfers to Embry Development Company for Real Estate Projects ...................................................................................................24

    6. Recovery of Real Estate and Other Assets from Former Drive Planning Agent David Bradford.................................................................................24

    7. Drive Plan Financial Services LLC......................................................25

    8. Personal Property .................................................................................26

        i. Vehicles........................................................................................26
        ii. Luxury furniture ...........................................................................27
        iii. "Live More" Yacht........................................................................28
        iv. Ownership and Leasehold Interests in Private Jets......................29

  D. Lawsuits Filed Against Drive Planning ......................................................30

  E. Known Investors and Creditors..................................................................32

  F. Investor Communications..........................................................................32

  G. Identifying and Pursuing Liquidated and Unliquidated Claims...............34

IV.  CASH ON HAND AND ACCRUED EXPENSES OF ESTATE ................35

V.  CONCLUSION................................................................................................36

understands that BHG Financial issued certain loans for the sole purpose of enabling borrowers to invest in Drive Planning-related offerings.

During the Reporting Period, the Receiver reviewed responses to subpoenas issued to luxury jewelry stores related to the purchase of high-value jewelry and watches by Drive Planning using funds from bank accounts holding investor funds, discovered during the Receiver's review of Drive Planning's records.  The Receiver discovered that certain jewelry was given to third parties who had a personal relationship with Mr. Burkhalter, and during the next reporting period the Receiver will continue to investigate and seek to locate and recover the jewelry purchased by Drive Planning and liquidate any recovered items for the benefit of the Receivership Estate.

### 2. Demand Letters to Agents and Third-Parties

Based on the Receiver's forensic analysis and reconstruction of Drive Planning's financial records, the Receiver continued to issue demand letters to numerous former agents and advisors of Drive Planning who received commissions funded by investor monies in return for procuring investments in Drive Planning's fraudulent scheme.  The letters demanded the return of commissions to the Receivership Estate and detailed the Receiver's legal claims under the applicable fraudulent transfer statutes, as well as unjust enrichment.  For those agents who were also investors and had no knowledge of the fraudulent nature or activities of Drive

Planning, the Receiver considered the amounts they invested and the investment returns and commissions they received from Drive Planning in determining whether they received a recoverable net gain (as a fraudulent transfer and/or unjust enrichment) or suffered a net loss. For those investor/agents who suffered a net loss, the Receiver determined that no recovery was warranted and withdrew his demand letters.

To date, the Receiver has received partial or full payments from certain recipients of the demand letters and is actively negotiating with others and preparing a complaint against those agents who received commissions and those investor/agents who received net gains but failed to respond or refused to return the commissions or net gains. Pursuant to Appointment Order, the Receiver will file a motion for authority to commence ancillary proceedings against such agents (and investors who received net gains).

### C. Real Property, Businesses, and Personal Property in Which Receivership Estate Has an Interest

Upon his appointment, the Receiver immediately reviewed the SEC's analysis of Defendants' and Relief Defendants' interests in real property and associated personal property and businesses and began marshaling those assets, taking control of or monitoring those businesses as directed in the Appointment Order, and demanding turnover of all such assets held by third parties to the extent there is equity and value for the Receivership Estate.

13

### D. Lawsuits Filed Against Drive Planning

During the initial reporting period, the Receiver identified lawsuits filed against Drive Planning and related entities. The Receiver has sought a stay and/or dismissal of each matter pursuant to the stay provision in the Appointment Order and certain of the matters have been stayed or dismissed. *See* ECF No. 10 at ¶ 32.

In the case styled *Joseph J. Prieto v. Ketler Bosse d/b/a Bosse Future Capital Group and Drive Planning, LLC*, filed in the Hillsborough County Superior Court, New Hampshire (Case No. 24-cv-03583-VMC), Joseph J. Prieto, brought claims against Ketler Bosse and Drive Planning, alleging breach of contract, fraudulent misrepresentation, and violations of the New Hampshire Consumer Protection Act. As Mr. Prieto declined to file the Appointment Order in the New Hampshire court upon the Receiver's request, the Receiver, with this Court's approval, retained Preti Flaherty Beliveau & Pachios, LLP ("Preti Flaherty") as local counsel in New Hampshire to have the case stayed. *See* ECF Nos. 45, 47. During a prior reporting period, Preti Flaherty appeared in the action on behalf of the Receiver and filed a notice of the Receivership and motion to stay the case, pursuant to the Appointment Order. Thereafter, this case was dismissed.

In the case styled *Douglas G. Magruder, Jr. v. Drive Planning, LLC*, filed in the Sixth Judicial Circuit in and for Pinellas County, Florida (Case No. 24-002887-CI), Mr. Magruder, brought claims for breach of contract and damages against Drive

30

Planning. During a prior reporting period, the Receiver's Lead Counsel filed a Notice of Receivership and Motion to Stay this matter, and after a hearing during the prior reporting period, an Order to Stay proceedings was entered by the Court on February 12, 2025.

In the case styled *Justin Hanson v. Drive Planning, LLC*, filed in the Sixth Judicial Circuit in and for Pinellas County, Florida (Case No. 24-003369-CI), Mr. Hanson brought claims against Drive Planning for breach of promissory notes. During a prior reporting period, the Receiver's Lead Counsel filed a Notice of Receivership and Motion to Stay this matter, and after a hearing during this Reporting Period, an Order to Stay proceedings was entered by the Court on April 15, 2025.

In the case styled *Embry Development Company v. Drive Planning, LLC and R. Todd Burkhalter*, filed in the Superior Court of Fulton County, Georgia (Case No. 2023CV384406), Embry Development Company brought claims against Drive Planning and Mr. Burkhalter for unauthorized use of the Embry name, breach of trust in capital raising activities, and violations of the Georgia Uniform Deceptive Trade Practices Act, seeking emergency injunctive relief and damages. During a prior reporting period, the Receiver's Georgia Counsel filed a Notice of Receivership and Motion for Stay, pursuant to which this matter was stayed. In the

31

event the Receiver finalizes the settlement with Embry Development Company discussed above, this Fulton County action will be dismissed with prejudiced.

In the case styled *Bryan R. Burney v. Drive Planning, LLC and Russell Todd Burkhalter*, filed in the Hamilton Superior Court, Indiana (Cause No. 29D01-2408-PL-009063), Mr. Burney brought claims against Drive Planning and Mr. Burkhalter for breach of contract, fraud, and violations of federal and state securities laws. During a prior reporting period, the Receiver filed a Notice of Receivership and Motion to Stay the Case and, on October 15, 2024, the Court granted that motion.

### E. Known Investors and Creditors

The Receiver is aware of nearly 2,400 investors who transferred more than $380,000,000 to Drive Planning. The Receiver and his Forensic Accountant have substantially completed the forensic reconstruction of Drive Planning's accounts, which reflects losses to investors of approximately $220 million. All investor deposits and distributions have been reported to this Court in the Receiver's Sworn Accounting [ECF No. 81].

### F. Investor Communications

The Receiver and his team have devoted significant time and effort to communicating with investors of Drive Planning. Soon after his appointment, the Receiver set up a dedicated telephone line and an email address for investors to communicate with the Receiver's office and obtain information regarding the

Respectfully submitted,

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*

| | |
|---|---|
| *Lead Counsel for Kenneth D. Murena, as Court-Appointed Receiver* | *Local Counsel for Kenneth D. Murena, as Court- Appointed Receiver* |
| Adriana M. Pavon | Henry F. Sewell, Jr. |
| Florida Bar No. 1025060 | Georgia Bar No. 636265 |
| apavon@dvcattorneys.com | Buckhead Centre |
| *Admitted Pro Hac Vice* | 2964 Peachtree Road NW, Suite 555 |
| Russell Landy | Atlanta, GA 30305 |
| Florida Bar No. 44417 | Telephone: (404) 926-0053 |
| rlandy@dvllp.com | hsewell@sewellfirm.com |
| *Admitted Pro Hac Vice* | |
| DAMIAN | VALORI | CULMO | |
| 1000 Brickell Avenue, Suite 1020 | |
| Miami, Florida 33131 | |
| Telephone: (305) 371-3960 | |
| Facsimile: (305) 371-3965 | |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on July 30, 2025, I electronically filed the foregoing *Status Report* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: July 30, 2025.

s/*Russell Landy*
Russell Landy, Esq.
Florida Bar No. 44417
*Admitted Pro Hac Vice*
