# EXHIBIT D



July 1, 2025

**VIA EMAIL**

Integrated Wealth Strategies
c/o Eric W. Moran
eric.moran@gtlaw.com

    Re:    ***Demand by Kenneth D. Murena, Court-Appointed Receiver in Securities and Exchange Commission v. Drive Planning, LLC and Russell Todd Burkhalter*, Case No. 1:24-cv-03583-VMC**

Dear Mr. Moran.

    Our law firm represents Kenneth D. Murena, Esq. in his capacity as court-appointed Receiver ("Receiver") for the receivership estate of Drive Planning, LLC ("Receivership Estate") in the enforcement action of *Securities and Exchange Commission v. Drive Planning, LLC and Russell Todd Burkhalter*, Case No. 1:24-cv-03583-VMC (the "SEC Enforcement Action"), pending in the United States District Court for the Northern District of Georgia (the "District Court"). Pursuant to the *Order Appointing Receiver*, which the District Court entered on August 13, 2024 in the SEC Enforcement Action ("Appointment Order"), the Receiver is authorized and directed to investigate and pursue all claims of the Receivership Estate, including but not limited to claims to recover funds traceable to the defrauded investors which Drive Planning, LLC had improperly transferred to third parties, affiliates, and insiders in furtherance of the fraud that is the subject of the SEC Enforcement Action.[1] In connection with his investigation, the Receiver and his team reviewed Drive Planning, LLC's records, which revealed that you received transfers of money from Drive Planning, LLC that may be subject to potential claims to avoid and recover those money transfers as actual and/or constructive fraudulent transfers under Georgia' Uniform Voidable Transactions Act, O.C.G.A. §§ 18-2-70 to 18-2-85, and/or under the common law theory of unjust enrichment pursuant to applicable law.

    On behalf of the Receiver, we demand that **Integrated Wealth Strategies** ("AGENT") return to the Receiver the sum of **$354,698.73** that was received from Drive Planning, LLC's bank account (which was funded with deposits that Drive Planning, LLC had fraudulently obtained from investors), in exchange for which AGENT did not provide reasonably equivalent (or any) value to Drive Planning, LLC or its investors, thereby rendering the amount voidable and recoverable under applicable law, as discussed below.

---

[1] Please refer to the Receiver's website for more details concerning the SEC Enforcement Action and the Drive Planning, LLC receivership: www.driveplanningreceivership.com, which includes a copy of the Appointment Order.

As you will read, pursuant to the Appointment Order, the Receiver is authorized and directed to "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property . . . ." *See* Appointment Order at ¶ 7.B.

To fulfill his duties under the Appointment Order, the Receiver and his forensic accountants reviewed and analyzed the financial records of Drive Planning LLC, including their accounting records and various account statements, canceled checks, deposit slips, and wire transfer confirmations from financial institutions. The records reviewed reveal that AGENT received a total sum of **$354,698.73** from the Drive Planning, LLC (collectively, the "Transfers") but did not provide reasonably equivalent value (or any value) back to Drive Planning LLC or its investors in exchange for the Transfers.

At the time AGENT received the Transfers, Drive Planning, LLC was being operated as an alleged Ponzi scheme and allegedly engaged in unlawful and fraudulent offerings to investors in violation of, among other things, the anti-fraud and registration provisions of federal securities laws, all of which prompted the SEC to initiate the SEC Enforcement Action. The Transfers AGENT received were derived from the investors who Drive Planning, LLC allegedly had defrauded and were made in connection with and in furtherance of Drive Planning, LLC's allegedly unlawful and fraudulent scheme. AGENT, by offering Drive Planning, LLC's illegal and fraudulent offerings to investors engaged in illegal activity that provided no value and, in fact, harmed Drive Planning, LLC and its investors by perpetuating the alleged Ponzi scheme. As such, the Transfers are voidable and recoverable fraudulent or otherwise voidable transfers pursuant to applicable fraudulent transfer or voidable transactions law.

Likewise, the Transfers conferred a benefit upon AGENT that was voluntarily accepted and for which no reasonably equivalent (or any) consideration was provided to Drive Planning, LLC or its investors. Therefore, it is inequitable for AGENT to retain the Transfers given that the Transfers were made in connection with and in furtherance of Drive Planning, LLC's unlawful and fraudulent scheme and provided zero benefit to Drive Planning, LLC or its investors, most of whom suffered significant losses because of their investments. Consequently, AGENT received the benefit from the Transfers at the expense of the defrauded investors, most of whom suffered significant losses because of their investments. The Transfers, therefore, only served to improperly diminish the Receivership Estate's assets in exchange for inadequate (or no) value in return, and simply unjustly enriched AGENT. Again, it would be inequitable for AGENT to retain the Transfers rather than return the funds to the Receivership Estate for the benefit of all the defrauded investors whose funds were commingled in accounts from which the Transfers were made to AGENT. Applicable laws and principles of equity, including the common law theory of unjust enrichment, dictate that AGENT must return the Transfers to the Receiver for the benefit of the Receivership Estate and all defrauded investors.

Based upon the foregoing, the Receiver hereby demands that AGENT pay to the Receivership Estate the sum of **$354,698.73** by no later than **July 20, 2025**. Please make this payment by certified or cashier's check payable to "Drive Planning Receivership Operating Account" and send it to the address set forth in the footer of this letter. If AGENT does not timely make the demanded payment or otherwise respond to this letter in writing articulating any defenses to the Receiver's claims, the Receiver will pursue all remedies available to him, on behalf of the

Receivership Estate, under the cited law to void and recover all of the Transfers from AGENT and will assert any and all other claims that the Receivership Estate may have against AGENT, including the common law claim of unjust enrichment. Any suit against AGENT will likely be brought in the United States District Court for the Northern District of Georgia pursuant to its nationwide jurisdiction in this federal equity receivership under 28 U.S.C. § 754 and 28 U.S.C. § 1692. *See* Appointment Order at ¶ 4.

Lastly, this letter is not a complete statement of the rights of the Receiver or the Receivership Estate in connection with this matter, and nothing contained herein constitutes an express or implied waiver of any of their rights, remedies, or defenses, all of which are expressly reserved.

If you have any questions or would like to discuss this matter, please contact me by telephone at (305) 371-3960 or by email at kpearson@dvcattorneys.com. Thank you.

Sincerely,

*Kristopher E. Pearson*

Kristopher E. Pearson
*Counsel for Receiver, Kenneth D. Murena*