# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| ARIES LEGACY, LLC, Delaware corporation, CHRISTIAN CARLSON, DEAN RALPH SALERNO, ECRE1 LLC, an Arizona corporation, HUCKLEBERRY GLAM, INC., an Arizona corporation individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>INTEGRATED WEALTH STRATEGIES LLC., a New Jersey Corporation, and JOSEPH C. MANIACI, JR., individually,<br><br>    Defendants. | Case No: 1:25-cv-02118-VMC |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT .......................................................................................................2

I.    ARIES LEGACY'S CLAIM UNDER SECTION 12(a)(1) OF
THE SECURITIES ACT (COUNT I) MUST BE DISMISSED ..........2

    a.    Aries Legacy's Section 12(a)(1) Claim (Count I) Sounds
in Fraud ..................................................................................3

    b.    Aries Legacy's Section 12(a)(1) Claim Fall Short of Rule
9(b)'s Particularity Requirements ...............................................5

II.    WITH COUNT I DISMISSED, THE COURT SHOULD
DECLINE SUPPLEMENTAL JURISDICTION ...............................10

III.    PLAINTIFFS' STATE LAW CLAIMS FAIL TO PLAUSIBLY
STATE VALID CAUSES OF ACTION ............................................11

    a.    Plaintiffs' NJUSL Claims (Counts II–III) Still Fail to
Satisfy Rule 9(b), and Also Fail for Lack of Privity.................11

    b.    Plaintiffs' "Professional Negligence/Negligent
Misrepresentation" Claim (Count IV) Fails to Plausibly
Plead that Defendants Had a Duty to Them, or Breached
That Duty ...............................................................................13

    c.    Plaintiffs' Breach of Fiduciary Duty Claim (Count V)
Must be Dismissed for Failure to Allege a Fiduciary Duty
or a Breach .............................................................................13

    d.    Plaintiffs Fail to Establish the Elements of an Unjust
Enrichment Claim (Count VI) ..................................................14

    e.    Plaintiffs' Common Law Tort Claims Against Maniaci in
His Individual Capacity Must be Dismissed...............................15

CONCLUSION ...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrams v. Ohio Cas. Ins. Co.*,
   731 A.2d 48 (N.J. Super. Ct. App. Div. 1999) ...................................................12

*Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*,
   426 F. Supp. 2d 1356 (N.D. Ga. 2006) ...............................................................8

*Arnold v. Tuskegee Univ.*,
   212 F. App'x 803 (11th Cir. 2006) .....................................................................10

*Barbee v. Amira Nature Foods, Ltd.*,
   Civil Action No. 21-12894 (MAS) (DEA), 2024 WL 626302
   (D.N.J. Feb. 14, 2024) .......................................................................................12

*Carol Gramble Tr. 86 v. E-Rex, Inc.*,
   84 F. App'x 975 (9th Cir. 2004) ..........................................................................4

*DeRobbio v. Harvest Cmtys. of Sioux City, Inc.*,
   No. Civ.A. 01–1120(MLC), 2002 WL 31947203 (D.N.J. Oct. 30,
   2002) ....................................................................................................................11

*Eberhart v. LG Elecs. USA, Inc.*,
   188 F. Supp. 3d 401 (D.N.J. 2016) .....................................................................13

*EcoShelf Grp., Inc. v. Horn*,
   No. CV102171FSHPS, 2010 WL 11570285 (D.N.J. Sep. 21, 2010) .................12

*Ellison v. Am. Image Motor Co.*,
   36 F. Supp. 2d 628 (S.D.N.Y. 1999) ....................................................................5

*Equifax, Inc. v. 1600 Peachtree, L.L.C.*,
   601 S.E.2d 519 (Ga. 2004) ...................................................................................7

*Est. of Parr v. Buontempo Ins. Servs.*,
   No. L-2500-06, 2006 WL 8551632 (N.J. Super. Ct. Law Div. Sep.
   8, 2006) ...............................................................................................................14

*In re Friedman's, Inc. Sec. Litig.*,
   385 F. Supp. 2d 1345 (N.D. Ga. 2005) ..............................................................3, 5

*Goodman v. Goldman, Sachs & Co.*,
   No. 10-cv-1247, 2010 WL 5186180 (D.N.J. Dec. 14, 2010) .............................14

ii

*Griffin v. Blue Cross and Blue Shield of Ala.*,
157 F. Supp. 3d 1328 (N.D. Ga. 2015)..................................................2

*Haase v. GunnAllen Fin., Inc.*,
No. 08-10927, 2011 WL 768045 (E.D. Mich. Feb. 28, 2011) ...........................5

*Hauger v. SDWC Fin., LLC*,
1:25-cv-01058-VCM (2025).......................................................*passim*

*In re Infonet Servs. Corp. Sec. Litig.*,
310 F. Supp. 2d 1080 (C.D. Cal. 2003) ...............................................5

*Institutional Invs. Grp. v. Avaya Inc.*,
564 F.3d 242 (3d Cir. 2009) .........................................................12

*Intellicig USA LLC v. CN Creative Ltd.*,
1-15-CV-01832-AT, 2016 WL 5402242 (N.D. Ga. July 13, 2016)...................13

*Next Century Commc'ns Corp. v. Ellis*,
318 F.3d 1023 (11th Cir. 2003) ......................................................7

*Otto Candies, LLC v. Citigroup Inc.*,
137 F.4th 1158 (11th Cir. 2025) ....................................................8

*Raney v. Allstate Ins. Co.*,
370 F.3d 1086 (11th Cir. 2004) .....................................................10

*Saltiel v. GSI Consultants, Inc.*,
788 A.2d 268 (N.J. 2002) ...........................................................15

*Securities and Exchange Commission v. Drive Planning, LLC*,
1:24-cv-03583-VMC (2024)...........................................................8

*Snyder v. Farnam Cos., Inc.*,
792 F. Supp. 2d 712 (D.N.J. 2011)..................................................15

*Sumrall v. Schoburg*,
Civil Action No. 1:24-cv-2990-VMC, 2026 WL 1702543 (N.D.
Ga. Apr. 23, 2026) .................................................................10

*Travelers Indem. Co. v. Cephalon, Inc.*,
620 F. App'x 82 (3d Cir. 2015) .....................................................13

*VRG Corp. v. GKN Realty Corp.*,
641 A.2d 519 (N.J. 1994) ...........................................................14

*Wagner v. First Horizon Pharm. Corp.*,
464 F.3d 1273 (11th Cir. 2006) ................................................*passim*

iii

*Williams v. Encore Credit Corp.*,
  Civil Action No. 1:20-CV-1297-TCB-JSA, 2020 WL 7496845
  (N.D. Ga. 2020) ......................................................................................7

*Williamson v. Linarducci*,
  1:24-cv-01526-TWP-MJD, 2025 WL 2379272 (S.D. Ind. Aug. 15,
  2025) ....................................................................................................10

*Ziemba v. Cascade Int'l, Inc.*,
  256 F.3d 1194 (11th Cir. 2001) .............................................................8

## Statutes

28 U.S.C. § 1367(c)(3).............................................................................10

Securities Act of 1933..........................................................................*passim*

## Other Authorities

Fed. R. Civ. P. 9(b) ..............................................................................*passim*

Fed. R. Civ. P. 12(b)(6)............................................................................2

iv

## PRELIMINARY STATEMENT[1]

Plaintiffs' Opposition confirms their claims under Section 12(a)(1) of the Securities Act sound in fraud and cannot survive Rule 9(b). Eleventh Circuit caselaw holds that a non-fraud securities claim grounded in alleged misrepresentations and inducement must be pled with particularity. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006). Count I is built on allegations that Defendants "induced" Plaintiffs to invest "through making untrue and/or misleading statements of material facts," and it incorporates fraud allegations wholesale. That claim "sounds in" fraud and Plaintiffs' "general disclaimer" changes nothing.

Plaintiffs also fail to plead the "who, what, when, where, and how" Rule 9(b) demands. The two statements they now emphasize are *not* alleged to be false when made, nor have they pled how those statements mislead the Plaintiffs. Insofar as they allege misrepresentations about the existence of collateral properties in Georgia, Florida, and Indiana, the record properly before this Court confirms those properties existed and were titled to Drive Planning or its principal. Indeed, the collateral property record created by Drive Planning was an instrumentality of its fraud and deceit. In short, they were not false when made. As in *Hauger*, those allegations do not comply with Rule 9(b)'s particularity requirement and, at most,  show that

---

[1] All defined terms from Defendants' moving brief (Dkt. No. 39-1) referred to as "Defs.' Br." are incorporated herein. Plaintiffs' "Response to Defendants' Motion to Dismiss" (Dkt. No. 40) is referred to as "Pls.' Opp'n" in citations.

Defendants were misled just as Plaintiffs were.

With the sole federal claim subject to dismissal, the Court should decline supplemental jurisdiction over the remaining state-law claims. And even if reached, those claims fail for the reasons set forth below and in Defendants' opening brief.

### ARGUMENT[2]

**I. ARIES LEGACY'S CLAIM UNDER SECTION 12(A)(1) OF THE SECURITIES ACT (COUNT I) MUST BE DISMISSED**

Count I sounds in fraud, so Rule 9(b) governs. In pleading Count I, Plaintiffs accuse Defendants of offering and selling the REAL Loan Agreements "by and through making untrue and/or misleading statements of material fact," (Dkt. No. 36 ¶ 111) and they allege throughout the SACA that Defendants "induced" their investments through misrepresentations and omissions. (*See id.* ¶¶ 4, 16–17, 20, 60, 65, 71, 74, 77, 82–83, 93, 112–14, 119, 128, 130, 133–35, 149, 154–55, 171, 188.)

---

[2] Plaintiffs note, without citing any precedent, that Defendants should be limited in their arguments for dismissal. (Pls.' Opp'n at 2 n.1.) This argument fails. The SACA supersedes the prior complaint, and Defendants are entitled to challenge it under all appropriate grounds. *See, e.g., Griffin v. Blue Cross and Blue Shield of Ala.*, 157 F. Supp. 3d 1328, 1334 (N.D. Ga. 2015) ("[A]s Plaintiff has amended her Complaint again, and an amended complaint supersedes the original complaint, Defendants are entitled to file a new motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and raise any appropriate defenses therein. Plaintiff has not presented the Court with any binding authority that requires a different result." (citation and quotations omitted)). The Court made no prior ruling in this case on whether Rule 9(b) applies to Section 12(a)(1); although it held that Rule 9(b) did apply to Section 12's NJ state corollary, when it dismissed Plaintiffs' NJUSL claim. (*See* Dkt. No. 33 at 39.) Moreover, this Court decided *Hauger*—after the prior motion to dismiss in this action (Dkt. No. 23) was fully briefed—in which it applied Rule 9(b) to dismiss the Section 12(a)(1) claim. *Hauger* is instructive, on-point, and newly available.

The SACA incorporates those classic fraud allegations wholesale into Count I. (*Id.* ¶ 107.) Plaintiffs cannot implicate Defendants in a Ponzi scheme and then escape the standard that governs allegations of fraud. *See Wagner*, 464 F.3d at 1278. Just as in *Hauger*, the Court should apply Rule 9(b) to Aries Legacy's Section 12(a)(1) claim and find Plaintiffs failed to satisfy the particularity requirement.

### a.    Aries Legacy's Section 12(a)(1) Claim (Count I) Sounds in Fraud

Whether Rule 9(b) applies to a Securities Act claim does not turn on the statutory label of the claim but on whether the claim sounds in fraud. Plaintiffs cite out-of-circuit cases to argue there is a Circuit split on whether Rule 9(b) applies to certain Securities Act claims. (Pls.' Opp'n at 8.) But the Eleventh Circuit has resolved the question: "even securities claims without a fraud element must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) when that nonfraud securities claim is alleged to be part of a defendant's fraudulent conduct." *Wagner*, 464 F.3d at 1275, 1280. Courts in this District have similarly found that Securities Act claims—including strict-liability claims under Sections 11 and 12—must be pled with particularity when they are "grounded in allegations of fraud." *See In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1357–58 (N.D. Ga. 2005).

Indeed, this Court has applied Rule 9(b)'s particularity requirement to Section 12(a)(1) claims in the *Hauger* case, which involved the same claim, against a defendant similarly situated to IWS, that involved strikingly similar allegations by

3

an investor arising from the same Drive Planning fraud scheme. In *Hauger*, just as in this case, "Plaintiff's theory of liability is based on alleged false representations and misleading omissions that 'induced' Plaintiff to purchase securities." *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 23 (applying Rule 9(b) to Section 12(a)(1) and 12(a)(2) claims).

Plaintiffs' narrower reading—that Rule 9(b) applies only when a Section 10(b)-(5) claim is also pled (Pls.' Opp'n at 9)—finds no support in *Wagner* and has already been rejected by this Court in *Hauger*.[3] The Eleventh Circuit framed the test around whether the misrepresentation is "said to be a part of a fraud claim, as alleged elsewhere in the complaint," not whether that fraud claim arises under Section 10(b)-(5). *Wagner*, 464 F.3d at 1278. The Court should reach the same conclusion as in *Hauger* where it applied *Wagner* to require that Rule 9(b) be applied to Section 12(a)(1)–(2) claims that sounded in fraud despite there being no Section 10(b)-(5) claim asserted. *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 22–23.

Courts apply the same "sounds in fraud" analysis to Section 12(a)(1) claims for the sale of unregistered securities as they do to claims under Section 11 or 12(a)(2). *See Carol Gramble Tr. 86 v. E-Rex, Inc.*, 84 F. App'x 975, 978 (9th Cir.

---

[3] In opposition to the motion to dismiss filed in *Hauger*, Plaintiffs' counsel made the same argument that the absence of an asserted Section 10(b)-(5) claim negated the heightened pleading requirement under Rule 9(b). *See Hauger*, 1:25-cv-01058-VMC, Dkt. No. 24 at 8–10 (citing *Wagner*, 464 F.3d at 1278).

4

2004) ("[T]he Shareholders' claim under section 12(a)(1) must be pleaded with 'particularity[.]' . . . Rule 9(b) governs all federal securities claims which are grounded in fraud."); *Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628, 639 (S.D.N.Y. 1999).[4]

Nor can a plaintiff escape Rule 9(b) by labeling its claims as strict-liability or negligence, as Plaintiffs attempt here (Pls.' Opp'n at 10), where the complaint pleads a "unified course of fraudulent conduct." *See, e.g.*, *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1094 (C.D. Cal. 2003) ("Plaintiffs' assertion that their Securities [Act] claims are based on negligence or strict liability is untenable in light of the complaint's wholesale adoption of the [fraud] allegations[.]"). Plaintiffs' general disclaimer does not immunize their claims from Rule 9(b).  (Pls.' Opp'n at 9 (citing Dkt. No. 36 ¶ 104)). *See Wagner*, 464 F.3d at 1278 ("Nor is it enough to present a general disclaimer in an attempt to immunize the nonfraud claims from the Rule 9 requirements."); *In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d at 1358 (same); *Hauger*, 1:25-cv-01058, Dkt. No. 32 at 21–22.

### b.    Aries Legacy's Section 12(a)(1) Claim Fall Short of Rule 9(b)'s Particularity Requirements

---

[4] In *Haase v. GunnAllen Fin., Inc.*—a case which similarly arises from a fraudulent securities scheme—the court held that although a claim for the sale of unregistered securities "does not require a showing of fraud," the claim was "grounded in fraud and still subject to Rule 9(b)" because the complaint incorporated fraud allegations and described the scheme as one "to sell fraudulent unregistered securities." No. 08-10927, 2011 WL 768045, at *5 n.11 (E.D. Mich. Feb. 28, 2011).

Plaintiffs' fallback—that Count I satisfies Rule 9(b) even if it applies (Pls.' Opp'n at 12–18)—exaggerates the pleading. Plaintiffs rely on a February 2024 "email" from Sandone, a purported representation that "Defendants had personally invested in the Drive Planning products," and a text from Maniaci stating that a "close friend in Commercial real estate" had reviewed Drive Planning's land holdings. (Pls.' Opp'n at 15, 17 (citing Dkt. No. 36 ¶¶ 81–84)).

*First,* the SACA does not allege any February 2024 "email" about a forensic accountant. (Pls.' Opp'n at 15 (emphasis added)). Rather, it states only that an IWS employee "*told Carlson* that Defendant IWS had a forensic accountant review Drive Planning's books. . . ." without citing any written communication. (Dkt. No. 36 ¶ 81 (emphasis added)). Misstatement of the pleading aside, any alleged representations by IWS *to Carlson* are irrelevant because the Section 12(a)(1) claim in Count I belongs solely *to Aries Legacy* (with whom Carlson is not affiliated), for transactions made on April 18, 2024 and June 5, 2025. (Dkt No. 33 at 29–30.) Nor does Count I of the SACA even reference the allegation that an IWS employee "told" Carlson that IWS "had a forensic account review Drive Planning's books." (*See* Dkt. No. 36 ¶¶ 107–19.) For this further reason, the Court should disregard Plaintiffs' reliance on this allegation. *See Wagner*, 464 F.3d at 1279–80 (denouncing such "shotgun pleading," and affirming district court's dismissal where "plaintiffs have not connected their facts to their claims in a manner sufficient to satisfy Rule 9(b)").

6

*Second*, Maniaci's alleged statement in December 2023 of his own intent to invest (Dkt. No. 36 ¶ 82), does not satisfy Rule 9(b). A forward-looking statement of present intent is insufficient to support a fraud-based claim. *See Williams v. Encore Credit Corp.*, Civil Action No. 1:20-CV-1297-TCB-JSA, 2020 WL 7496845, at *7 (N.D. Ga. 2020) ("[T]he Complaint simply alleges that [defendant's representative] made a promise or prediction of future events. Generally, such a forward-looking statement is not a basis for a fraud claim[.]").[5] The SACA shows that Salerno through Aries Legacy, LLC already had invested approximately $475,000 in October 2023. (Dkt. No. 36-9, Ex. I at 5.) Ultimately, the pleading establishes that Aries Legacy made later investments that were untethered to Maniaci's statement. (Dkt. No. 36-9, Ex. I at 5.) It is not plausible that Maniaci's statement in December 2023 "induced" the two remaining, non-time-barred transactions made by Aries Legacy that occurred on April 18, 2024 and June 5, 2024.

*Third*, Plaintiffs' allegation that Defendants believed Drive Planning owned certain real property and had taken steps to confirm as much also does not satisfy Rule 9(b). Plaintiffs allege that Defendants told them someone had reviewed information about the properties and conveyed that person's findings. (*See* Dkt. No.

---

[5] *See also Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003) ("[I]t is axiomatic that a false representation made by a defendant, to be actionable, must relate to an existing fact or a past event."); *Equifax, Inc. v. 1600 Peachtree, L.L.C.*, 601 S.E.2d 519, 525–26 (Ga. 2004) ("[A]ctionable fraud cannot be predicated upon promises to perform some act in the future.").

36 ¶ 84.) Plaintiffs conclusively allege that those "statements were false." (*Id.* ¶ 111.) However, the record properly before this Court establishes that title to the collateral properties in Georgia, Florida, and Indiana was in fact held in the name of Drive Planning or Burkhalter. (*Securities and Exchange Commission v. Drive Planning, LLC*, 1:24-cv-03583-VMC, Dkt. No. 1 ¶¶ 113–17; Dkt. No. 61 at 20–25, 27–30; Dkt. No. 61-1 at 4–6; Dkt. No. 84 at 21–31.) An opinionated statement[6] that those properties existed and were held by Drive Planning was therefore neither false nor material; if anything, it just confirms that Defendants were deceived by Drive Planning just as Plaintiffs were.

Plaintiffs invoke *Otto Candies'* observation that Rule 9(b) "should be relaxed" for "prolonged multi-act schemes" (*id.* at 15), but that principle presupposes Plaintiffs have pled "at least some examples" of actionable misstatements with particularity. *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1187 (11th Cir. 2025). Plaintiffs have not. In all events, Rule 9(b) requires a plaintiff to plead the "manner in which these statements misled the Plaintiffs." *Id.* at 1178; *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). For all of the allegations addressed above, Plaintiffs do not allege why any such statement was false when

---

[6] *Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) ("[P]arties are not justified in relying upon representations that are general commendations or mere expressions of opinion, hope, expectation[.]).

made or the manner in which they misled Aries Legacy. This is the same failure the Court identified in *Hauger*, where the plaintiff likewise "fail[ed] to specify what statements were made, who made them, where they were made, how they were made, and *why they were false at the time they were made*." *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 24–25.[7]

*Hauger* is instructive. There, on materially identical facts arising from the same Drive Planning scheme and similar alleged representations made by the defendant (*see* Defs.' Br. at 13),[8] this Court applied Rule 9(b) to the plaintiff's Section 12(a)(1) and 12(a)(2) claims and dismissed them for failure to plead falsity with particularity. The SACA's allegations are similar to the conclusory allegations that this Court found wanting in *Hauger*. *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 25. As in *Hauger*, Plaintiffs' 12(a)(1) claim must be dismissed.

---

[7] That this Court previously found the same communications sufficient to establish "statutory seller" solicitation under Section 12 (Pls.' Opp'n at 18 (citing Dkt. No. 33 at 34–35)), does not answer the distinct question whether those allegations plead fraud with particularity; solicitation and particularized falsity are different inquiries.

[8] In *Hauger*, the Court found insufficient even more acute statements regarding Drive Planning collateral, such as: "investments were backed by $95,000,000 million in assets"; "Drive Planning had security measures in place"; and—a strikingly similar statement alleged here—"*that all promissory notes were backed by land DRIVE currently owns . . . .*" *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 24 (emphasis added). Unlike this case, the plaintiff in *Hauger* went a *step further* and stated that: "money needed to be wired *immediately* because Drive Planning would stop taking investments for a period of time" but omitted that Drive Planning's bank account was already frozen. *Id.* at 10 (emphasis added). No such statements are alleged here.

9

## II.    WITH COUNT I DISMISSED, THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

Count I is the only asserted basis for federal subject-matter jurisdiction. (Dkt. No. 36 ¶ 17.) Once it is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims and dismiss them for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3).[9]

Plaintiffs do not dispute the lack of diversity as both Aries Legacy and Defendants are New Jersey citizens.[10] Rather, they argue the Court should retain jurisdiction for reasons of judicial economy, citing no authority and incorrectly citing to 28 U.S.C. § 1367(c)(3). (Dkt. No. 40 at 19.) Plaintiffs' argument that the Court should retain jurisdiction because the SEC Action against Drive Planning is pending in this District (Pls.' Opp'n at 19) is also misplaced. The SEC's enforcement action names different parties. It provides no federal subject matter jurisdiction over Plaintiffs' private, state-law civil claims. Although the Court did not make a supplemental jurisdiction ruling in *Hauger*, the Court forewarned that failure to

---

[9] *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 811 (11th Cir. 2006) ("[T]here is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *Williamson v. Linarducci*, 1:24-cv-01526-TWP-MJD, 2025 WL 2379272, at *9 (S.D. Ind. Aug. 15, 2025) (denying as moot a motion to dismiss state claims after dismissing federal securities claim against similarly situated financial advisor arising from same Drive Planning fraud); *Sumrall v. Schoburg*, Civil Action No. 1:24-cv-2990-VMC, 2026 WL 1702543, at *3 (N.D. Ga. Apr. 23, 2026).

[10] Moreover, Plaintiffs conflate subject matter jurisdiction and personal jurisdiction by arguing Defendants "purposefully availed themselves of the laws and markets of Georgia." (Pls.' Opp'n at 19.)

amend the deficient federal claims would lead the Court to decline supplemental jurisdiction over the state claims. *Hauger*, 1:25-cv-01058-VMC, Dkt. No. 32 at 29.

## III.   PLAINTIFFS' STATE LAW CLAIMS FAIL TO PLAUSIBLY STATE VALID CAUSES OF ACTION

Plaintiffs' relabeling in the SACA did nothing to cure defects in the original pleading. (Pls.' Opp'n at 20–25) While Plaintiffs may have labeled the transactions differently in the SACA, their alleged structure remains: Plaintiffs dealt with, paid, and contracted with Drive Planning, while Defendants were outside those transactions. Under New Jersey law, that structure renders the state-law claims deficient for related reasons—the NJUSL claims for want of a seller relationship and privity, the tort claims for want of any duty owed to Plaintiffs, and the unjust-enrichment claim for want of a direct benefit to Defendants.

### a.    Plaintiffs' NJUSL Claims (Counts II–III) Still Fail to Satisfy Rule 9(b), and Also Fail for Lack of Privity

Plaintiffs' claims under the New Jersey Uniform Securities Law (Counts II–III) fail for the same pleading reasons that Aries Legacy's claim under Section 12(a)(1) fails. (Defs.' Br. at 15.) As Plaintiffs concede, the Court has already "found that the Rule 9(b) heightened pleading standards apply to claims under the NJUSL's civil liability provision." (Pls.' Opp'n at 20 (citing Dkt. No. 33 at 39)). Plaintiffs' conclusory averments that Defendants "knew or should have known" of Drive Planning's scheme (Dkt. No. 36 ¶¶ 6, 138–39) do not allege the scienter that is required. *See DeRobbio v. Harvest Cmtys. of Sioux City, Inc.*, No. Civ.A. 01–

11

1120(MLC), 2002 WL 31947203, at *6 (D.N.J. Oct. 30, 2002).

The NJUSL claims also fail for lack of privity. *See EcoShelf Grp., Inc. v. Horn*, No. CV102171FSHPS, 2010 WL 11570285, at *3–4 (D.N.J. Sep. 21, 2010) (dismissing NJUSL claims against advisors who were "not alleged to have offered, sold, or purchased a security"); *Abrams v. Ohio Cas. Ins. Co.*, 731 A.2d 48, 51 (N.J. Super. Ct. App. Div. 1999) (rejecting NJUSL liability as there was "no evidence of any participation by [defendant] in the syndication or in the sale"). IWS and Maniaci did not offer, sell, or purchase the REAL Loan Agreements; those notes were between Plaintiffs and Drive Planning. Defendants passed no title and received none of the purchase price. Plaintiffs' new theory that IWS "established" the CLLCs as a "purchasing vehicle" (Pls.' Opp'n at 20–21) does not provide the missing seller relationship or privity: forming an entity through which a client later contracts with a third party is not offering, selling, or purchasing the security. Instead, it leaves Plaintiffs' claims similar to those dismissed in *EcoShelf* and *Abrams*.

Count III—control-person liability (§ 49:3-71(d))—is derivative and fails with Count II. *See Institutional Invs. Grp. v. Avaya Inc.*, 564 F.3d 242, 252 (3d Cir. 2009); *Barbee v. Amira Nature Foods, Ltd.*, Civil Action No. 21-12894 (MAS) (DEA), 2024 WL 626302, at * 7 n.9 (D.N.J. Feb. 14, 2024) (NJUSL "mirrors the federal securities law requirements"). Control-person status requires "participation in management" or "power to direct." *Abrams*, 731 A.2d at 51–52. Plaintiffs allege

12

neither as to Maniaci *vis a vis* Plaintiffs' negotiated agreements with Drive Planning.

  **b. Plaintiffs' "Professional Negligence/Negligent Misrepresentation" Claim (Count IV) Fails to Plausibly Plead that Defendants Had a Duty to Them, or Breached That Duty**

Plaintiffs' Opposition fails to address the two ways in which Count IV (professional negligence/negligent misrepresentation) fails. *First*, Count IV fails to satisfy the Rule 9(b) pleading standard for the same reasons as discussed above. *See supra* Section I.b. The conclusory nature of the allegations related to false representations made by Defendants, alone, warrant dismissal of Count IV. (*See* Dkt. No. 36 ¶¶ 158, 160, 165); *see Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85 n.3 (3d Cir. 2015); *Intellicig USA LLC v. CN Creative Ltd.*, 1-15-CV-01832-AT, 2016 WL 5402242, at *10 (N.D. Ga. July 13, 2016). *Second*, Plaintiffs fail to plead an actionable duty or breach. On the facts alleged, the SACA does not establish a duty where Plaintiffs allege that IWS was merely "in the business of setting up" CLLCs (Dkt. No. 36 ¶ 4), and Plaintiffs do not allege they looked to IWS for audits or financial analyses. Plaintiffs' conclusory allegation that Defendants owed a "duty to provide . . . accurate information" does not create one. *See Eberhart v. LG Elecs. USA, Inc.*, 188 F. Supp. 3d 401, 410 (D.N.J. 2016).

  **c. Plaintiffs' Breach of Fiduciary Duty Claim (Count V) Must be Dismissed for Failure to Allege a Fiduciary Duty or a Breach**

Plaintiffs' Opposition acknowledges that Plaintiffs have superficially "reframe[d] the relationship to allege that IWS held themselves out as and acted as

13

Plaintiffs' independent advisor." (Pls.' Opp'n at 24.) But, to meet this element, settled New Jersey law requires that an alleged financial advisor have "discretion" or "control" over the account. *See Goodman v. Goldman, Sachs & Co.*, No. 10-cv-1247, 2010 WL 5186180, at *11, 13 (D.N.J. Dec. 14, 2010).[11] The SACA shows that Plaintiffs retained control of their own investment decisions and entered REAL Loan Agreements directly with Drive Planning. (Dkt. No. 36-7 (Ex. G); Dkt. No. 36-8 (Ex. H).) Plaintiffs' revised allegations that IWS "held [itself] out" as their independent financial advisor (Dkt. No. 36 ¶¶ 179, 183, 187), do not supply a duty as a vague "continuing" relationship—without discretion over the account—does not create one. *See Goodman*, 2010 WL 5186180, at *12.

### d. Plaintiffs Fail to Establish the Elements of an Unjust Enrichment Claim (Count VI)

Plaintiffs' unjust enrichment claim continues to defy logic.[12] Plaintiffs now contend that they "seek restitution of investor funds rather than any commissions Drive Planning paid to IWS." (Pls.' Opp'n at 25 *but see* Dkt. No. 36 ¶¶ 205–07.) Plaintiffs still have not plausibly alleged (1) an "expectation of remuneration" in connection with the alleged benefit conferred on Defendants, *see VRG Corp. v. GKN*

---

[11] *See Est. of Parr v. Buontempo Ins. Servs.*, No. L-2500-06, 2006 WL 8551632, at *4 (N.J. Super. Ct. Law Div. Sep. 8, 2006) ("In the absence of [plaintiff's] control of the account, Defendant does not have a fiduciary duty to breach.").

[12] Contrary to an argument raised in Plaintiffs' Opposition, Defendants do not argue that "Plaintiffs' alternative pleading of unjust enrichment is premature because there is an adequate remedy." (*Compare* Pls.' Opp'n at 25, *with*, Defs. Br. at 23–24.)

14

*Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); or (2) a "direct relationship" with Defendants. *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011). IWS is alleged to have merely provided Plaintiffs with introductory information and links to Drive Planning's website, and Plaintiffs then interacted directly with Drive Planning. Those allegations do not support Unjust Enrichment.

### e.   Plaintiffs' Common Law Tort Claims Against Maniaci in His Individual Capacity Must be Dismissed

The "essential predicate" to New Jersey's "participation theory" is "the commission by the corporation of tortious conduct." *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 275 (N.J. 2002). Because Plaintiffs fail to state any tort against IWS, there is no delegated corporate tort duty for Maniaci to have breached. The torts alleged are also not of the nature that New Jersey courts typically find personal liability for officers. (Defs.' Br. at 25.) Moreover, the participation theory "is inapplicable" where "the breach of the corporation's duty to the plaintiff is . . . governed by contract rather than tort principles." *Saltiel*, 788 A.2d at 275–76. IWS's alleged obligations arise from its business of forming Charitable LLCs for clients under contract; Plaintiffs identify no duty owed to them independent of that arrangement and "the theory cannot be applied." *Id.* at 272.

### CONCLUSION

For all the foregoing reasons, together with those in their moving brief, Defendants respectfully request that the Court dismiss the SACA with prejudice.

Respectfully submitted, this 31st day of July 2026.

/s/ Eric W. Moran
Eric W. Moran (*Pro Hac Vice*)
Eric.Moran@gtlaw.com
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ  07932
T: (973) 360-7900

Justin K. Victor
Georgia Bar No. 105516
VictorJ@gtlaw.com
**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
T: (678) 553-2100

Justin M. Schettino (*Pro Hac Vice*)
Justin.Schettino@gtlaw.com
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ  07932
T: (973) 360-7900

*Attorneys for Defendants*
*Integrated Wealth Strategies, LLC*
*and Joseph C. Maniaci, Jr.*

16

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that I prepared the foregoing **DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)** in Times New Roman, 14-point font in accordance with L.R. 5.1(C) and in accordance with the Court's Standing Order. Further, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all registered attorneys of record.

 DATED: July 31, 2026

/s/ Eric W. Moran
Eric W. Moran